IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| AGT&L, Inc. d/b/a Absolute Insulation<br><br>v.<br><br>A.A. Absolute Gutters, Inc. | Civil Action No. _____<br>Jury demanded |

**PLAINTIFF'S COMPLAINT**

Plaintiff AGT&L, Inc. d/b/a Absolute Insulation ("Absolute Insulation"), through its attorneys, files this complaint against Defendant A.A. Absolute Gutters, Inc., alleging as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under the Lanham Trademark Act.[1] This Court has federal question jurisdiction over this action under 28 U.S.C. §§ 1338(a),(b) and 28 U.S.C. § 1367.

2. Venue in this district is proper under 28 U.S.C. 1391(b).

**PARTIES**

3. Absolute Insulation is a Texas corporation with its principal place of business in Jefferson County, Texas.

4. A.A. Absolute Gutters, Inc. ("Absolute Gutters") is a Texas corporation doing business in Jefferson County, Texas.

**BACKGROUND**

5. Plaintiff started a residential and commercial insulation business in the Jefferson County area. A principal of Defendant Absolute Gutters had a prior business relationship with Plaintiff, while Plaintiff developed its reputation and brand in the Jefferson County area. Plaintiff and Defendant have terminated their business relationship.

6. After their business relationship ended, Defendant began targeting Plaintiff's customers and business in the Jefferson County area using the Plaintiff's name: "Absolute Insulation."

---

[1] 15 U.S.C. § 1051 et seq. (the "Lanham Act").

7. Defendant's copying of the mark immediately began confusing consumers in the Jefferson County area regarding the source of their insulation services. Consumers used Defendant's services believing that Plaintiff was providing the work, and contact Defendant believing they are contacting Plaintiff.

8. Moreover, Defendant has begun advertising in the same periodicals and locations as Plaintiff, intentionally seeking to confuse consumers and the public.

**INFRINGEMENT / UNFAIR COMPETITION**

9. The touchstone of any Lanham Act infringement or false designation of origin case is whether the defendant's actions are "likely to cause confusion."[2] Plaintiff has a senior, valid, meaningful mark in use before Defendant copied it exactly. Plaintiff's mark is recognized in connection with high-quality services it provides, and no one else's.

10. Defendant is using the mark in exactly the same industry and geography as Plaintiff's prior use, targeting exactly the same customers.

11. Actual confusion between Plaintiff and Defendant's use of "Absolute Insulation" has occurred, and future confusion is likely.[3]

12. A prior relationship between a plaintiff and a defendant is a relevant factor in an infringement claim—especially for purposes of showing intent—for an obvious reason: formerly associated entities are especially prone to confusion by consumers.[4] Here, a principal of the Defendant used to work with Plaintiff, and its copying of Plaintiff's name exemplifies this principle: Defendant *wants* prior contacts to confuse it with the Plaintiff.

13. Defendant is diluting Plaintiff's mark in two different ways: through tarnishment and blurring.[5] Blurring occurs when a defendant uses a plaintiff's mark to identify his service, threatening to end the plaintiff's designation as the unique and correct

---

[2] *Matrix Essentials, Inc. v. Emporirn Drug Mart, Inc.*, 988 F.2d 587, 592 (5th Cir.1993); 15 U.S.C. 1125(a) (Section 43a. of the Lanham Act).
[3] *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 262 (5th Cir.1980).
[4] *See Blue Bell Bio-Medical v. Cin-Bad, Inc.*, 864 F.2d 1253, 125-58 (5th Cir.1989).
[5] *See Exxon Corp. v. Oxxford Clothes XX, Inc.*, 109 F.3d 1070, 1081-82 (5th Cir. 1997).

identifier of the service.[6] Tarnishment degrades a plaintiff's mark by associated it with undesirable or unsavory goods or services.[7]

14. Plaintiff also brings claims for trademark infringement, dilution, and unfair competition under Texas common law, whose elements are identical to the federal claims.[8]

### FTDA

15. In addition to its claims under the Lanham Act, the Federal Trademark Dilution Act ("FTDA") governs dilution of famous marks like Plaintiff's.[9] This act protects against another's commercial use of a famous mark lessening the ability to identify and distinguish the source, sponsorship, and approval of services, regardless of competition between the parties and likelihood of confusion.[10]

16. Plaintiff seeks both damages and an injunction under the act. Plaintiff is entitled to an injunction for a mere violation,[11] but Defendant's willful violation subjects it to restitutionary, compensatory, and specific relief.[12]

17. Plaintiff's continuous use of "Absolute Insulation" in the Jefferson County and surrounding areas has made the mark sufficiently famous to warrant FTDA protection. Plaintiff's mark has acquired secondary meaning in Jefferson County associated with the reputation it has established in connection with the services it has provided over the years, and consumers of its services associate the name with its particular services, and no one else's.[13]

### TORTIOUS INTERFERENCE WITH CONTRACT AND PROSPECTIVE CONTRACT

18. Plaintiff has maintained contractual relationships with customers and suppliers that are beneficial to itself.

---

[6] *Id.*
[7] *Id.*
[8] *Zapata Corp. v. Zapata Trading Int'l, Inc.*, 841 S.W.2d 45, 47 (Tex.App.—Houston [14th Dist.] 1992, no writ).
[9] 15 U.S.C. § 1125(c)(3).
[10] 15 U.S.C. § 1127.
[11] Paragraphs 23-26, *infra*.
[12] 15 U.S.C. §§ 1125(c)(1)-(2), 1117(a), 1118.
[13] *See Abercrombie & Fitch Co. v. Hunting World, Inc.,* 537 F.2d 4, 9-11 (2d Cir.1976).

19. Defendant has committed acts that were calculated to damage Plaintiff as it lawfully conducted its business with respect to its contractual relations.

20. Defendant was aware of Plaintiff's contractual relations when it tortuously interfered with Plaintiff's contracts with its customers and suppliers.

21. At the time Defendant and Plaintiff ceased their business relationship, Plaintiff and third party customer's relationships and dealings made the execution of contracts beneficial to Plaintiff reasonably probable.

22. Defendant independently committed tortious acts that prevented the formation of those contracts and proximately caused the failure of formation of those contracts.

## INJUNCTIVE RELIEF

23. Plaintiff seeks injunctive relief against Defendant under the Lanham Act and equitable principles. To receive an injunction, Plaintiff will show (1) a substantial likelihood of success on the merits; (2) a substantial threat that it will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the Defendant; and (4) that the injunction will not disserve the public interest.[14]

24. Plaintiff seeks protection from Defendant's conduct under federal and Texas dilution and unfair competition law[15] and the FTDA.[16] In the context of trademarks, a showing of unauthorized, contrary use of a mark indicates imminent irreparable harm without an injunction, as reputations are especially difficult to quantify and repair.[17]

25. The evidence of actual confusion is persuasive proof that future confusion is likely and of the likelihood of Plaintiff prevailing on the merits.[18]

26. Plaintiff seeks an injunction prohibiting Defendant from operating under the name Absolute or representing any relationship, sponsorship, affiliation, or association with AGT&L, Inc. d/b/a Absolute Insulation.

---

[14] *Sunbeam Prods., Inc. v. West Bend Co.*, 123 F.3d 246, 251 (5th Cir.1997)
[15] *See* Paragraphs 9-14, *infra*.
[16] *See* Paragraphs 15-17, *infra*.
[17] *E & J Gallo Winery v. Spider Webs Ltd.*, 286 F.3d 270, 279-80 (5th Cir.2002).
[18] *See Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 259-63 (5th Cir.1980).

27.    Plaintiff seeks an injunction requiring Defendant to disseminate a disclaimer which states clearly that he has no affiliation or association with AGT&L, Inc. d/b/a Absolute Insulation to (1) the customers he has contacted or solicited since his departure, (2) his lenders in the area, and (3) through any channels of advertising that he has pursued since operating under the name Absolute Insulation.

## ATTORNEYS' FEES AND COSTS

28.    As a result of Defendant's conduct, Plaintiff has been forced to retain the services of counsel to represent it in this matter, and has been forced to incur and is presently incurring attorneys' fees in order to enforce its rights. These fees and expenses are necessary and reasonable in order to prosecute this matter. Accordingly, Plaintiff requests that it be granted an award of attorneys' fees and costs as a result of Defendant's actions.

## JURY DEMAND

29.    Plaintiff demands a jury on all claims and issues.

## CONCLUSION AND PRAYER

WHEREFORE, Plaintiff AGT&L, Inc. d/b/a Absolute Insulation asks for entry of judgment:

a. Finding that Defendant infringed Plaintiff's mark through advertising, soliciting, and performing business using Plaintiff's copied name;

b. Finding that Defendant intentionally misled consumers by directly or indirectly representing the source, sponsorship, approval, or association of Plaintiff's name;

c. Enjoining Defendant from further acts infringing upon Plaintiff's mark and confusing consumers through its use;

d. Awarding Plaintiff all damages caused by Defendant and all profits complained of, together with fees and costs caused by Defendant conduct;

e. Pre-judgment and post-judgment interest on the damages Defendant caused Plaintiff at the highest rates allowed by law; and

f. Awarding Plaintiff any and all relief to which it may be entitled in law or in equity.

        Respectfully submitted,

By:   /s/ Daniel Wilson
     Donald W. Gould, II
     Attorney-in-charge
     State Bar No. 08234250
     4 Houston Center
     1221 Lamar Suite 1000
     Houston, Texas 77010
     Telephone: (713) 652-2525
     Facsimile: (713) 652-5130

Of Counsel:

Daniel Wilson
State Bar No. 24007359
Johnson DeLuca Kurisky & Gould, P.C.
4 Houston Center
1221 Lamar Suite 1000
Houston, Texas 77010
Telephone: (713) 652-2525
Facsimile: (713) 652-5130

        Attorneys for Plaintiff
        AGT&L, Inc. d/b/a Absolute Insulation